IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § § § § § § § § § § Plaintiff, v. SERJIO ANTONIO URBINA (6), Defendant. | CIVIL ACTION NO.  6:14-CR-00035-JCB |

REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On October 28, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Serjio Urbina. The government was represented Bob Wells, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of III, was 135 to 168 months. On February 17, 2026, U.S. District Judge Michael Schneider sentenced Defendant to 102 months imprisonment, followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing/treatment, and mental health treatment. On November 3, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

1

Under the terms of supervised release, Defendant was required to refrain from any unlawful possession of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release on April 19, 2024, June 17, 2024, and June 25, 2024 when he submitted urine samples that tested positive for methamphetamine, and admitted to use of methamphetamine, a controlled substance. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will be in violation of Texas Health and Safety Code § 481.115 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by the unlawful possession of a controlled substance as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 12 months and 1 day imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 12 months and 1 day imprisonment with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, Texas, if available, and that Defendant receive drug treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 28th day of October, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE